## THE STATE v. GEBEY, Appellant.

**Division Two, May 22, 1906.**

**LARCENY: From Person in Nighttime: Evidence.** Evidence *held* sufficient to justify a conviction of larceny from the person in the nighttime.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

BURGESS, P. J.—On the 5th day of October, 1904, the circuit attorney of the city of St. Louis filed an information, duly verified, in the circuit court of said city charging the defendant and one Dennis Collins with larceny from the person of Franklin H. Seiss, in the nighttime, to-wit, the stealing of a pocket-book and forty dollars in money, on October 2, 1904. Thereafter, on motion of defendant Gebey, a severance and separate trial was granted him, the trial resulting in his conviction by a jury of the offense charged against him and the fixing of his punishment at imprisonment in the penitentiary for a term of five years. Defendant in due time thereafter filed motions for new trial and in arrest, which were overruled by the court, and he appealed.

The facts are about as follows: On October 2, 1904, Dr. Franklin H. Seiss and his wife had been for

a ride on a steamboat, returning to the city of St. Louis about nine o'clock that evening. There was a large number of people on the boat, and they crowded each other on leaving it at the wharf. A gang plank was used to facilitate exit from the boat, and while on this plank Dr. Seiss lost his pocket-book. A detective discovered defendant and his co-indictee in the act of picking the pockets of two persons about that time, which fact he brought to the attention of two policemen who were standing near by, and they arrested defendant and his companion. The mate of the boat saw defendant, while parleying with the policeman, drop a pocket-book. This book was picked up near defendant, and it was recognized by Dr. Seiss as his property. It was opened, and two twenty-dollar bills and some business cards found therein. Only a short time before leaving the boat Dr. Seiss had occasion to open his pocket-book, and saw that the said money and cards were in the same, after which he placed said pocket-book in his right-hand hip-pocket. There was some evidence to the effect that the defendant, at the time of his arrest, denied having taken the pocket-book.

Defendant offered no evidence, but at the close of the State's case he asked an instruction in the nature of a demurrer to the evidence, which was refused, and he excepted.

The defendant is not represented in this court. The information is in approved form and properly verified. The only point raised by the motion for a new trial, worthy of consideration, is that which challenges the sufficiency of the evidence to support the verdict; but we think the evidence was amply sufficient. The ownership and the contents and value of the pocket-book were conclusively proven, as was also the recent possession thereof by defendant, as well as his attempt to get rid of the same. The unshaken testimony of Casper Pohl, the mate of the boat, was that he saw the defendant, while in the hands of the police

officers, drop this particular pocket-book and that he, witness, picked it up and handed it to Dr. Seiss. While the defendant, at the time of his arrest, denied having committed the offense, he did not testify as a witness in his own behalf; nor did he offer any testimony in explanation of his conduct or as to how he came into the possession of the pocket-book.

The judgment is affirmed.

All concur.